1  John K. Gallagher, Esq.                    Steven P. Brazelton, Esq.
   Nevada State Bar No. 956                    Nevada State Bar No. 5882
2  S. Timothy Summers, Esq.                    Nathalie Huynh, Esq.
   Nevada State Bar No. 12285                  Nevada State Bar No. 5997
3  GUILD, GALLAGHER & FULLER, LTD.             LAW OFFICE OF STEVEN P. BRAZELTON
   100 West Liberty Street, Suite 800          520 Holcomb Avenue
4  P.O. Box 2838                               Reno, Nevada 89502
   Reno, Nevada 89505                          Telephone: (775) 826-2380
5  Tele: (775) 786-2366                        *sbrazelton@brazeltonlaw.com*
   *jgallagher@ggfltd.com*                     *nathaliehuynh2@gmail.com*
6  *stsummers@ggfltd.com*
                                               Attorneys for Defendant
7  *Attorneys for Plaintiff*

8

9                    **UNITED STATES DISTRICT COURT**

10                       **DISTRICT OF NEVADA**

11 RENO TECHNOLOGY CENTER 1, L.L.C., a )        Case No.: 3:17-cv-00410-LRH-WGC
   Washington limited liability company,  )
12                                         )     **STIPULATION AND ORDER TO**
                           Plaintiff,      )     **EXTEND TIME TO FILE**
13                                         )     **DISPOSITIVE MOTIONS**
              v.                           )     **(Third Request)**
14                                         )
   NEW CINGULAR WIRELESS PCS, LLC, a       )
15 Delaware limited liability company; and DOES )
   I-X, inclusive,                         )
16                                         )
                           Defendant(s).   )
17 _____ )

18

19        Plaintiff RENO TECHNOLOGY CENTER 1, L.L.C., a Washington limited liability

20 company (hereinafter "Plaintiff"), and Defendant NEW CINGULAR WIRELESS PCS, LLC, a

21 Delaware limited liability company (hereinafter "Defendant"), pursuant to Fed. R. Civ. P. 29, LR

22 IA 6-1 and LR II 7-1, hereby stipulate and agree as follows:

23        ***WHEREAS***, the parties have completed the following discovery in the above-captioned

24 matter: **(i)** Plaintiff produced its Initial Fed. R. Civ. P. 26 Disclosures together with bates

25 documents RTC000001-567; **(ii)** Plaintiff produced a First Supplement to Initial Fed. R. Civ. P 26

26 Disclosures; **(iii)** Plaintiff produced a Second Supplement to Initial Fed. R. Civ. P 26 Disclosures;

27 **(iv)** Plaintiff produced a Third Supplement to Initial Fed. R. Civ. P 26 Disclosures together with

28 bates documents RTC000656-700; **(v)** Defendant produced its Initial Fed. R. Civ. P. 26

Disclosures together with bates documents NCW000001-180; **(vi)** Defendant produced a First Supplement to Initial Fed. R. Civ. P. 26 Disclosures together with bates documents NCW000181-645; **(vii)** Plaintiff served Defendant with a First Set of Requests for Production of Documents and a First Set of Interrogatories to which Defendant responded and supplemented with certain of its above-referenced bates documents NCW000001-645; **(viii)** Defendant served Plaintiff with a First Set of Requests for Production of Documents and a First Set of Interrogatories to which Plaintiff responded certain of its bates documents RTC000001-655; **(ix)** Plaintiff served Defendant with a Second Set of Requests for Production of Documents and Second Set of Interrogatories to which Defendant responded and supplemented with certain of its above-referenced bates documents NCW000001-645; **(x)** the parties submitted to the Court a Discovery Plan and Scheduling Order, which the Court approved on August 14, 2017; **(xi)** Defendant conducted the videotaped deposition of Robert C. Rothe; **(xii)** Plaintiff conducted the stenographic individual depositions of Gregg Koechlein, Alana M. White and Susan Baze; and **(xiii)** Plaintiff conducted the stenographic person(s) most knowledgeable deposition of Defendant pursuant to Fed. R. Civ. P. 30(b)(6) on certain, but not all, of the categories set forth in its notices of taking depositions;

Prior to the close of discovery, the parties and their counsel proceeded in good faith to complete the individual deposition of Susan Baze and the deposition of Defendant pursuant to Fed. R. Civ. P. 30(b)(6), which Defendants' counsel clarified would include designation of Alana White in Sacramento, California, Rosa Lopez in the San Francisco bay area and Susan Baze in Redmond, Washington. Given the parties' schedules, and in order to ensure that discovery was completed without further delay, the parties and their counsel agreed Defendant would produce for deposition by oral examination **(i)** Susan Baze, and **(ii)** the person(s) most knowledge for Defendant, after expiration of the current close of discovery of June 29, 2018;

Subsequently, a discovery dispute arose over whether the designees for Defendants' 30(b)(6) deposition should appear to provide testimony at the same location. Through their good faith efforts to reach a non-judicial resolution to the dispute, the parties and their counsel agreed to proceed on Tuesday, July 17, 2018, in Redmond, Washington with taking the individual deposition of Susan Baze and the deposition of Defendant by and through Ms. Baze on category

nos. 5-7 as set forth in Plaintiff's Amended Notice of Taking Deposition of Person(s) Most Knowledgeable for Defendant New Cingular Wireless PCS, LLC (hereinafter "Amended Notice"), served on July 12, 2018.  The parties and their counsel further agreed to determine the date, time and location of the deposition of Defendant on category nos. 1-4 by no later than Friday, July 20, 2018.  Defendant proposed to adopt the deposition testimony of Alana White, taken on Friday, June 15, 2018, as its own testimony to category nos. 1-2 of the Amended Notice rather than taking its deposition on such categories;

Ms. Baze's deposition was taken in accordance with the foregoing on Tuesday, July 17, 2018, in Redmond, Washington, and the parties and their counsel have agreed that no further discovery is needed in this litigation and that Defendant will adopt Ms. White's as proposed hereinabove;

As of current, discovery has been completed by the parties in this litigation.  However, and given the parties' good faith efforts in resolving the foregoing discovery disputes without court intervention and completing discovery, additional time is needed to prepare and file dispositive motions that include a cogent, efficient presentation of such discovery for the Court's review and consideration;

The current close of discovery in this litigation expired on June 29, 2018, and the final date to file dispositive motions expires on August 2, 2018;

This is the third stipulation to extend the time to take discovery and file motions;

This stipulation is made by the parties in good faith and not for any improper purpose;

**NOW, THEREFORE**, and good cause appearing, it is hereby stipulated and agreed as follows:

1.      The current dispositive motion date in the above-captioned matter, which was set forth in the Discovery Plan and Scheduling Order, dated August 14, 2017, and was extended for a period of ninety (90) days in the Stipulation and Order to Extend Time to Take Discovery and File Motions, dated January 25, 2018, and was further extended for a period of forty-five (45) days in the Stipulation and Order to Extend Time to Take Discovery and File Motions, dated April 10, 2018, shall be extended for an additional period of thirty-six (36) days, such that the final date to

file (and not submit) dispositive motions shall be extended to expire on **Friday, September 7, 2018**.

      2.      Defendant hereby agrees to adopt the testimony of Alana M. White taken on her individual deposition of June 15, 2018, as its own testimony to category nos. 1-2 of the Amended Notice.

      DATED this 2nd day of August 2018.

GUILD, GALLAGHER & FULLER, LTD.      LAW OFFICE OF STEVEN P. BRAZELTON

By:   */s/* S. Timothy Summers      By:   */s/* Steven P. Brazelton
      John K. Gallagher, Esq.                 Steven P. Brazelton, Esq.
      Nevada State Bar No. 956             Nevada State Bar No. 5882
      S. Timothy Summers, Esq.            Nathalie Huynh, Esq.
      Nevada State Bar No. 12285           Nevada State Bar No. 5997
      100 West Liberty Street, Suite 800      520 Holcomb Avenue
      P.O. Box 2838                     Reno, Nevada 89502
      Reno, Nevada 89505               Telephone: (775) 826-2380
      Telephone: (775) 786-2366          *sbrazelton@brazeltonlaw.com*
      *jgallagher@ggfltd.com*            *nathaliehuynh2@gmail.com*
      *stsummers@ggfltd.com*

      *Attorneys for Plaintiff*             *Attorneys for Defendant*

IT IS SO ORDERED:

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED:   August 3, 2018
        _____