UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RENO TECHNOLOGY CENTER 1, LLC.,

Plaintiff,

v.

NEW CINGULAR WIRELESS PCS LLC,

Defendant.

Case No. 3:17-cv-00410-LRH-WGC

ORDER

Plaintiff Reno Technology Center 1, LLC ("RTC") has filed a motion for reconsideration of the Court's summary judgment order (ECF No. 37). (ECF No. 39). In the Court's previous order, the Court denied RTC's motion for summary judgment and denied the defendant New Cingular Wireless PCS LLC's ("AT&T") motion for summary judgment in part and granted it in part. RTC now requests partial reconsideration of the Court's denial of its motion for summary judgment. RTC argues that the Court "mistakenly held" that the site lease agreement, whereby RTC agreed to lease space on the rooftop of a building it owned to AT&T, no longer existed at the time of this litigation. (ECF No. 39 at 4). It also argues that the Court erred when it found that AT&T's failure to install a separate power meter and "pay all costs associated therewith" was not a "contractual debt." (*Id.*)

Although the Federal Rules of Civil Procedure do not explicitly allow for an aggrieved party to seek reconsideration of a court's judgment, federal courts have typically construed such requests as falling under Rule 59(e). A district court may reconsider a prior order only where the

1

court is presented with newly discovered evidence, an intervening change of controlling law, the original decision was manifestly unjust, or where the prior order was clearly erroneous. *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration are "extraordinary remed[ies]," and they should only be used "sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Whether or not to grant reconsideration is within the sound discretion of the district court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

RTC is mistaken when it states that the Court believed that the site lease agreement was terminated at some point prior to this litigation. In the factual background section of the Court's summary judgment order, the Court stated that since AT&T installed a separate power meter to power its telecommunications equipment, it has been paying the utility company directly for its power usage. (ECF No. 37 at 4). Based on the record before the Court, it was readily apparent that the site lease agreement was and is still in effect, and there is no language in the Court's order to the contrary.

RTC also misunderstands the nature of a "contractual debt" and the holding from the Nevada Supreme Court case *Riff v. Kowal*, 352 P.2d 819 (Nev. 1960). In the Court's summary judgment order, the Court explained that NRS §11.200, which tolls the statute of limitations for enforcing a debt when payment is made on an existing contract, is inapplicable in this case for two separate reasons. First, §11.200 only applies when a partial payment is made on a contractual "debt." Pursuant to the terms of the site lease agreement, AT&T agreed to make monthly rent payments to RTC in exchange for space on its rooftop to operate telecommunications equipment. The relationship between RTC and AT&T is clearly not debtor-creditor but rather that of a landlord-lessee. RTC argues that §7(b) of the site lease agreement requires AT&T to "pay all costs associated" with the installation of the power meter, and therefore, AT&T was indebted to RTC once it failed to install a separate power meter and RTC paid for its power usage. (ECF No. 39 at 4). But AT&T was to pay these "costs" to the utilities company, not to RTC. AT&T was not

1 | indebted to RTC in any way. The only way RTC is entitled to these "costs" is by way of monetary damages if it can demonstrate to the trier of fact that the statute of limitations on its breach of contract claim has not lapsed.

This leads into the second reason why §11.200 does not apply in this case. As the Nevada Supreme Court clarified in *Riff*, a partial payment on a debt only tolls the statute of limitations if that debt comes from an "existing contract." *Riff v. Kowal*, 352 P.2d 819, 820 (Nev. 1960). "Existing contract" means "an existing [enforceable] contract and not a contract the enforcement of which has already been [barred] by the statute of limitations." *Id*. Thus, if the trier of fact finds that the statute of limitations bars enforcement of a breach of the site lease agreement, the fact that AT&T later paid RTC for electricity usage does not make the breach of contract claim enforceable. For example, if a breach of contract claim premised on a failure to make debt repayments is discovered in 2010, the creditor has six years to file a lawsuit, with the statute of limitations running in 2016. But if the debtor makes a partial payment in 2013, then the statute of limitations is extended from the time of the partial payment, and the creditor would have until 2019 to file suit. But if the debtor makes a partial payment in 2017, the creditor cannot use that payment as a way to toll the statute of limitations because any suit filed past 2016 would be time barred.

This is precisely the situation here. There is an issue of material fact as to whether RTC discovered AT&T's breach in 2001 or 2015. (ECF No. 37 at 3). If the trier of fact determines that RTC discovered the breach in 2001, then the fact that AT&T paid RTC for its utilities usage in 2017 (which, as discussed above, is not a "debt") does not take RTC's claim for breach of contract outside the statute of limitations.

RTC has not provided any evidence of new or controlling law, new factual evidence that was not available at the time of the Court's original decision, and it has not demonstrated that the Court's order was manifestly unjust. It merely attempts to relitigate the same arguments presented in its motion for summary judgment, arguments that the Court previously considered and rejected. There is no basis for which the Court to reconsider its previous order, and the Court will accordingly deny RTC's motion for reconsideration.

IT IS THEREFORE ORDERED that RTC's motion for reconsideration (ECF No. 39) is **DENIED**.

DATED this 16th day of August, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE